IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GABRIELA GUERRERO, Individually and as friend/next of kin, for the minor children NATALIA MOTA and SASHA MOTA,<br><br>    Plaintiffs,<br><br>v.<br><br>JAMES LAMONT WILLIAMS and NORTON TRANSPORT, INC.,<br><br>    Defendants. | Case No. 3:25-cv-00097<br>Judge Aleta A. Trauger |

### MEMORANDUM

The plaintiffs, Gabriela Guerrero and minor children Natalia Mota and Sasha Mota, move to remand this case to the state court from which it was removed. For the reasons set forth herein, the Motion for Remand (Doc. No. 12) will be denied.

I.     FACTS AND PROCEDURAL HISTORY

According to the Complaint (Doc. No. 1-2), defendant James Lamont Williams' negligent driving caused his tractor-trailer to collide with the plaintiffs' vehicle in Davidson County, Tennessee, injuring them. (Doc. No. 1-2 ¶¶ 1, 9–11, 14, 16–22.) The plaintiffs allege that defendant Norton Transport, Inc. ("Norton")—Williams' employer and the tractor-trailer's owner—is indirectly liable. (*Id.* ¶¶ 4–7, 13–14, 16.)[1] The plaintiffs seek $1,150,000 in compensatory damages. (*Id.* at 5–6.)

---

[1] Upon the parties' agreement, the court dismissed the Complaint's direct claims of negligence against Norton (*see* Doc. No. 1-1 ¶ 15). (Doc. No. 11.)

The plaintiffs brought an action against both defendants in the Circuit Court for Davidson County, Tennessee on December 6, 2024. (*Id.* at 1.) Williams was served on December 24, 2024. (Doc. No. 15-1 at 5.) More than thirty days later, on January 27, 2025, with Williams' consent, Norton removed the action to this court, invoking its diversity jurisdiction under 28 U.S.C. §§ 1332, 1441. (Doc. No. 1 at 1; *id.* ¶ 6.) As of the pending Motion's filing, Norton had not yet been served. (Doc. No. 12-1 at 3.)[2] The plaintiffs have filed a Motion for Remand (Doc. No. 12) and an accompanying Memorandum and exhibits (Doc. No. 12-1), to which Norton has filed a Response (Doc. No. 15) and exhibits (Doc. Nos. 15-1–2). Norton opposes remand and seeks costs and fees. (Doc. No. 15 at 2.)

## II. LEGAL STANDARDS

Generally speaking, so long as a case filed in a state court could have originally been brought in federal court, it may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over matters between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

The party seeking removal must establish that the district court has original jurisdiction over the matter. *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 409 (6th Cir. 2024). Courts construe removal statutes narrowly because they implicate federalism concerns, *Nessel ex rel. People of Mich. v. Enbridge Energy, LP*, 104 F.4th 958, 970 (6th Cir. 2024), and resolve all doubts in favor of remand, *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (citations omitted). A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1).

---

[2] And nothing in the record shows that Norton has been served since.

However, a party may remove before service. *Tatum v. Portfolio Recovery Assocs., LLC*, No. 1:16-CV-00075, 2016 WL 6583639, at *4 (M.D. Tenn. Nov. 4, 2016) (Haynes, S.J.) (citing *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 931 (E.D. Tenn. 2002)). Under the "rule of unanimity," when a case is removed because the federal court has original jurisdiction, all properly joined and served defendants must join in or consent to removal. 28 U.S.C. § 1446(b)(2)(A); *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019).

### III. DISCUSSION

"It is a federal court's unflagging duty to verify that it has jurisdiction over the case before it." *Naji v. Lincoln*, 665 F. App'x 397, 399 (6th Cir. 2016). The parties are completely diverse and the amount in controversy requirement has been met. (*See* Doc. No. 1 ¶¶ 3–6.) This court embraces Davidson County. 28 U.S.C. § 123(b)(1). So, the court has original jurisdiction and the action is removable. At issue is the defendants' compliance with procedural requirements for removal under 28 U.S.C. § 1446.

#### A. Timeliness of the Notice of Removal

While the plaintiffs acknowledge that Norton had not been served at the time of removal, they contend that Norton "was aware," as of December 16, 2024, "through counsel, . . . that a civil action had commenced against" it. (Doc. No. 12-1 at 3.) Because Norton filed its Notice of Removal more than thirty days after it was "aware" of the lawsuit, the plaintiffs argue, it filed too late. (*Id.* at 3–4 (citing 28 U.S.C. § 1446(b).)

The plaintiffs cite no caselaw to support their argument that the time to remove runs from a party's awareness that it has been sued, rather than the date of service. Contrary to their suggestion, the law is clear that the time for removal runs from the date of service. *Accord, e.g.*, *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999); *see also Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) ("The

3

thirty-day period does not begin to run until the defendant is formally served." (citing *Murphy Bros.*, 526 U.S. at 348)); *Cardello-Smith v. Combs*, No. 24-12647, 2024 WL 4800187, at *2 n.2 (E.D. Mich. Nov. 15, 2024) (noting that notice, without service, is insufficient to trigger the removal time limit); *accord Grandinetti v. Uber Techs., Inc.*, 476 F. Supp. 3d 747, 753 (N.D. Ill. 2020) ("Li was never served with formal process, so his removal clock never started ticking. If a defendant is not on the clock, then he cannot be late.").

Because Norton had not been served when it removed, it was under no deadline, and its Notice of Removal was timely as a matter of law.

### B. Timeliness of Williams' consent

All properly joined and served defendants must join in or consent to removal. 28 U.S.C. § 1446(b)(2)(A). Williams, the only other defendant, did. (Doc. No. 1 ¶ 6.) But, the plaintiffs argue, because Williams did not consent to Norton's removal within thirty days of *Williams*' service, Williams' consent was untimely and therefore Norton's removal was procedurally improper. (Doc. No. 12-1 at 4–5.)

Each defendant has thirty days after being served to remove. 28 U.S.C. § 1446(b)(2)(B). As the defendants argue, an earlier-served defendant may consent to a later-served defendant's removal, even after the earlier-served defendant's deadline to remove has passed. (Doc. No. 15 at 3 (citing 28 U.S.C. § 1446(b)(2)(C))). *See, e.g.*, *Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 761–62 (6th Cir. 2016) ("As long as the defendant who waived the right to remove consents to removal when the later-served defendant seeks it, the prior waiver has no effect."). This "last-served defendant rule" has been the law in this circuit since 1999, *see Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999), and in every circuit since Congress amended Section 1446 in 2011. *Accord Robertson*, 831 F.3d at 762.

Regardless, the defendants need not rely on the last-served defendant rule to defend the validity of Williams' consent. The provision applies "[*i*]*f* defendants are served at different times, and *a later-served defendant* files a notice of removal." 28 U.S.C. § 1446(b)(2)(C) (emphasis added). That is not the case here. Norton has not been served and is therefore not a "later-served defendant" to which Section 1446(b)(2)(C) applies. As discussed above, because Norton had not been served, he was under no deadline to remove. The removal statute specifies no deadline for the non-removing defendants to *consent* to removal, other than that co-defendants must consent when the notice of removal is filed. *Id.* § 1446(b)(2(A) (emphasis added) ("*When a civil action is removed . . . all defendants . . . must join in or consent to the removal of the action.*"). Williams consented to removal in the Notice of Removal. (Doc. No. 1 ¶ 6.) While Williams may have been time-barred from filing his own notice of removal, he was not barred from consenting to Norton's Notice of Removal. *Accord Grandinetti*, 476 F. Supp. 3d at 751–52 (N.D. Ill. 2020) (finding that an unserved defendant's notice of removal was timely, even though the co-defendant consented more than thirty days after its own service). Because Williams' consent was timely and Norton's Notice of Removal complied with Section 1446, remand is unwarranted.

C. **Attorney's Fees & Costs**

Norton requests attorney's fees and the costs incurred in preparing the Response to the Motion for Remand, stating that the Motion is "unfounded." (Doc. No. 15 at 2.) Norton's request for costs and attorney's fees will be denied without prejudice. Norton may move for attorney's fees and costs in accordance with Local Rule 54.01.

## IV. CONCLUSION

For the foregoing reasons, the plaintiffs' Motion will be denied.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge